UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KATHY CURLEE-JONES, Individually and as Administrator of the Estate of Lamont Jones, Deceased** <br> 8614 Force Avenue <br> Cleveland, OH 44105 <br><br> Plaintiff <br><br> -vs- <br><br> **THE UNITED STATES OF AMERICA** <br> % Steven M. Dettelbach Esq. <br> Office of the United States Attorney <br> United States Court House <br> 801 West Superior Avenue; Suite 400 <br> Cleveland, Ohio 44113-1852 <br><br> and <br><br> **THE UNITED STATES OF AMERICA** <br> % Eric Holder, Attorney General <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530-0001 <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: <br><br> JUDGE: <br><br><br><br><br> **COMPLAINT** |

NOW COMES Plaintiff, Kathy Curlee-Jones as Administrator of the Estate of Lamont Jones, deceased, individually and in her administrative capacity and for her Complaint against the Defendant, states as follows.

1. At all times relevant hereto, Plaintiff Kathy Curlee-Jones is and was the duly appointed Administrator of the Estate of Lamont Jones in Case No. 2013EST192817 in the Probate Court of Cuyahoga County, Ohio and she is a resident of Cuyahoga County, Ohio.

2. At all times relevant hereto, Defendant the United States of America, acting through the U.S. Department of Veterans Affairs, owned and/or operated a hospital system known as Wade Park VA Medical Center at 10701 East Boulevard, Cleveland, OH 44106.

3. At all times relevant hereto, various licensed physicians were practicing within the course and scope of their employment with Defendant United State of America and administered medical and surgical care and treatment to Plaintiff's Decedent at the Wade Park VA Medical Center, out of which Plaintiff's claims for relief arise.

4. At all times relevant hereto, the Wade Park VA Medical Center provided medical care to its veterans, including, but not limited to, Lamont Jones who served his country in the United States Marine Corp. and as a lance corporal until he was honorably discharged from the United States Marine Corp. in 1979.

5. The Defendant operated a hospital by and through its agents, servants and employees and ostensible agents at The Wade Park VA Medical Center and it held itself out as a medical facility and hospital that employed physicians that possessed the requisite degree of care, skill and knowledge to safely treat patients, including but not limited to Plaintiff's Decedent.

6. As a direct result of same, the Defendant is vicariously responsible for the acts and/or omissions on the part of its employees and is ostensibly responsible under the theory of agency by estoppel for any and all acts and/or omissions on the part of any physicians or

other healthcare providers that provided care and services to Plaintiff's Decedent, but who otherwise were not employed by Defendant's hospital.

7. Plaintiff's Decedent looked to Defendant and its Wade Park VA Medical Center to provide him with medical care and treatment that complied with accepted standards of care and did not look to any individual physician, whether employed or an independent contractor, at the time of the events that constitute the basis for this claim.

8. As such, based upon the facts and circumstances set forth herein, Defendant is vicariously and/or ostensibly liable for the acts and/or omissions on the part of the various healthcare providers and physicians, whether employed or acting as ostensible agents.

9. Plaintiff, individually and as the personal representative of the Estate of Lamont Jones, filed her claim for damage, injury and death on October 29, 2013. Plaintiff has exhausted all administrative remedies as required by 28 U.S.C. § 2675(a).

10. Jurisdiction is proper in this forum pursuant to 28 U.S.C. § 2675(a) and 28 U.S.C. § 1346(b).

11. Plaintiff has timely commenced her Complaint seeking judicial relief in accordance with 28 U.S.C. § 2401(b).

**COUNT ONE**

12. Plaintiff hereby incorporates the foregoing paragraphs by reference as if set forth fully herein.

13. At all times relevant herein, Plaintiff Kathy Curlee-Jones and Plaintiff's Decedent Lamont Jones were residents of Cuyahoga County, Ohio.

14. Defendant United States of America owned, operated, maintained and controlled medical and hospital facilities under the auspices of the Department of Veterans Affairs.

15. Defendant, by and through its agents, actual, apparent and ostensible and employees of the Department of Veterans Affairs, treated Plaintiff's Decedent Lamont Jones at the Wade Park VA Medical Center commencing on October 31, 2011.

16. Plaintiff's Decedent was admitted to Defendant's hospital through the emergency department with a diagnosis of severe sepsis and group A strep bacteremia with myositis and cellulitis of the neck and chest.

17. Plaintiff's Decedent required intubation, dialysis, steroid treatment, antibiotics and pressors.

18. On November 4, 2011, an echocardiogram showed that Plaintiff's Decedent had normal left ventricular ejection function and no paracardial effusion.

19. On November 8, 2011, Plaintiff's Decedent was clinically improving and was no longer requiring vasopressors.

20. On November 8, 2011, a decision was made by one or more of the healthcare providers caring for Plaintiff's Decedent to undergo a bedside percutaneous tracheostomy.

21. On November 9, 2011, Plaintiff's Decedent underwent a CAT scan to assess the possibility of an abscess in Plaintiff's Decedent's neck.

22. On November 9, 2011, the CTs of the abdomen and chest were interpreted as showing a mediastinal abscess.

23. On November 10, 2011, Plaintiff's Decedent was taken to surgery where a large mediastinal fluid collection was found to be a hematoma and a posterior proximal tracheal insult was discovered.

24. Plaintiff's Decedent died on November 10, 2011.

25. An autopsy performed following his death showed that the cause of death was due to cardiovascular collapse secondary to a hemothorax from a traumatic injury to his trachea with pneumomediastinum.

26. The employees and/or agents of this Defendant, as set forth above, failed to comply with accepted standards of care in one or more or all of the following respects:

    A. Failure to properly assess the patient's pulmonary status.

    B. Failure to perform a tracheostomy under appropriate circumstances rather than at a bedside.

    C. Negligent performance of a tracheostomy leading to the traumatic injury to the trachea with development of a pneumomediastinum.

    D. Failure to properly interpret the post-tracheostomy CT scan to include the diagnosis of hematoma over abscess.

    E. Failure to timely intervene on an emergency basis to repair the hemothorax.

27. By reason of the substandard care, Plaintiff's Decedent suffered extensive damage, pain and suffering, permanent injury and loss of normal enjoyment of life, ultimately leading to his death on November 10, 2011.

28. As a direct and proximate result of Defendant's negligent, Lamont Jones died prematurely on November 10, 2011 at the age of 59 years of age (DOB 12/02/1951).

THEREFORE, Plaintiff Kathy Curlee-Jones, as Administrator of the Estate of Lamont Jones, demands damages against Defendant United States of America in the amount of Five Hundred Thousand Dollars ($500,000.00) plus costs, interest and any other relief recognized by the law of the State of Ohio and this Court.

**COUNT TWO – WRONGFUL DEATH**

29. Plaintiff Kathy Curlee-Jones hereby incorporates all of the allegations contained in Count One of this Complaint. This Count is brought in accordance with Ohio's Wrongful Death Statute, Ohio Rev. Code § 2125.01 *et seq.*

30. As a direct and proximate result of the aforementioned acts and/or omissions on the part of the Defendant's employees and/or agents, Plaintiff's Decedent died on November 10, 2011 as a direct result of the hemothorax caused by the traumatic injury to his trachea and the failure to timely recognize and treat the aforementioned injuries.

31. As a direct and proximate result of the foregoing, the Decedent died on November 10, 2011 leaving the following next of kin:

   A. Kathy Curlee Jones (Surviving Spouse)
   B. Lamontia White (Daughter)
   C. Latasha Stergis (Daughter)
   D. Labuena Jones (Daughter)
   E. Latiquea Jones (Daughter)
   F. Lamont Jones, Jr. (Son)

32. As a direct and proximate result of the Defendant's negligence, the Estate's beneficiaries and any potential beneficiaries, either presumed or otherwise, under Ohio's Wrongful Death Statute, have been caused loss of services, loss of support, loss of society of the Decedent, loss of prospective inheritance to the Decedent's heirs at law at the time of his

death, and mental anguish suffered by the Decedent's surviving spouse and children, and funeral and burial expenses.

33. Plaintiff, in her administrative capacity, further sets forth and incorporates Ohio's Wrongful Death Statute, Ohio Rev. Code § 2125.02, *et seq.*, and prays for any and all additional damages and injuries and compensation allowed under Ohio law.

34. Plaintiff, in her individual and administrative capacities, attaches hereto in accordance with Ohio Civ. R. 10(D), an affidavit of merit of a board certified radiologist. An additional affidavit of merit from a surgeon will be submitted within 90 days of this filing and Plaintiff, by and through counsel, respectfully requests this additional time to submit an additional affidavit of merit in accordance with Ohio Civ. R. 10(D).

WHEREFORE, Plaintiff Kathy Curlee-Jones, as Administrator of the Estate of Lamont Jones, prays for damages against Defendant United States of America in the amount of Four Million Dollars ($4,000,000.00), plus costs, interest and any other relief recognized by the laws of the State of Ohio and this Court in connection with the wrongful death claim.

Respectfully submitted,

  s/ Howard D. Mishkind, Esq.
**Howard D. Mishkind, Esq. (0009238)**
**David A. Kulwicki, Esq. (0041106)**
MISHKIND LAW FIRM CO., L.P.A.
23240 Chagrin Blvd., #101
Commerce Park IV
Cleveland, Ohio  44122
Phone:  216-595-1900/Fax:  216-595-1633
hmishkind@mishkindlaw.com
dkulwicki@mishkindlaw.com
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KATHY CURLEE-JONES, etc.** | ) | **CASE NO.:** |
| | ) | |
| Plaintiff | ) | **JUDGE:** |
| | ) | |
| -vs- | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **AFFIDAVIT OF MERIT** |
| | ) | **RANDALL M. PATTEN, M.D.** |
| Defendant | ) | |

1.  I am board certified in radiology.

2.  I am licensed to practice medicine in the State of Washington.

3.  I devote at least 50% of my professional time to the active clinical practice of medicine or to its instruction in an accredited school.

4.  I have reviewed the various radiology studies from the Veterans Administration Hospital in Cleveland, Ohio, concerning patient Lamont Jones. I am familiar with the standard of care on the part of a radiologist in terms of interpretation of a post-tracheostomy CT scan.

5.  Based upon my review of the information and films from the Veterans Administration for Lamont Jones' October 31, 2011 admission, it is my professional opinion that the standard of care was breached by the radiologists in interpreting and reporting the results of certain studies on Lamont Jones. It is my opinion that the CT scan should have included within its differential the diagnosis of a hematoma and that failure to include this in the differential was substandard and led to a delay in intervention that ultimately led to the patient's injury and death.

_____
Randall M. Patten, M.D.

TERRI L. MCGUIRE
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
DECEMBER 29, 2016

Sworn to before me and subscribed in my presence this _____ day of October, 2014.

_____
Notary Public